IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DOUGLAS SAROS,

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant.

13cv1760
**ELECTRONICALLY FILED**

**Memorandum Opinion on Motion to Reinstate Complaint (doc. no. 8)**

## I. Introduction/Procedural History

Currently pending before this Court is Plaintiff's Motion to Reinstate Complaint (doc. no. 8) and Defendant's Response in opposition thereto (doc. no. 18). The procedural history of this case reveals that on December 9, 2013, Plaintiff filed a motion to proceed in forma pauperis, which this Court granted, on December 11, 2013. The Complaint was entered on the docket on the same day. Doc. Nos. 1-4. The Complaint sounds in Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Bad Faith, Violation of Unfair Trade Practices and Consumer Protection Law, and Intentional Infliction of Emotional Distress against State Farm Mutual Automobile Insurance Company ("State Farm").

Because Plaintiff did not file a proof of service of the Complaint within 120 days as required by Federal Rule of Civil Procedure 4(m), on April 22, 2014, this Court issued a Rule to Show Cause as to why Plaintiff failed to serve Defendant within the required 120 days. Doc. No. 5. Plaintiff failed to file any response to the Rule to Show Cause, which was due by April 28,

2014. Almost two weeks later, this Court entered the following Order: “AND NOW, this 9th day of May, 2014, [P]laintiff having failed to respond to this Court's Order entered April 22, 2014, IT IS HEREBY ORDERED that the above captioned matter is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure of [P]laintiff to make service on the [D]efendant within 120 days of the filing of the complaint.” Doc. No. 6.

Inconsistent with his failure to respond to this Court’s Order over three weeks later, on June 3, 2014, Plaintiff filed a Motion for Default Judgment (doc. no. 7), which this Court denied by Text Order on the same date, noting that the case had been previously dismissed for failure to serve.

Next, on June 5, 2014, Plaintiff filed the instant Motion to Reinstate Complaint, and in it note that he “inadvertently” filed the Motion for Default Judgment. Doc. No. 8. In Plaintiff’s Motion, he claimed without attaching any documentary proof, that he served State Farm via certified mail. Plaintiff did not identify a date of service or file any proof of service to support this statement to the Court. Despite his failure to serve Defendant, or to respond to the Show Cause Order, he instead cites a call he allegedly made to the Court’s (deputy) clerk on the day the rule to show cause was due, wherein he allegedly stated that Defendant had been served within 120 days (despite him ever filing notice of such on the docket), but that Plaintiff’s attorney lacked a secretary. It goes without saying that this phone call would not serve as responsive to the Court’s Order to show good cause. As already noted, Plaintiff never, in fact, filed any responsive document on CM/ECF. The Court then dismissed the case on May 9, 2014 (almost two weeks after the response to the Rule to Show cause was due).

Upon receipt of Plaintiff's Motion to Reinstate Complaint, by Order dated June 6, 2014, this Court directed State Farm to file a Response to Plaintiff's Motion by June 20, 2014, and also ordered Plaintiff to serve State Farm "immediately" and "file an affidavit of service thereof with the Court." Doc. No. 9. Plaintiff filed an affidavit on June 13, 2014 (seven days later) stating that he sent, by first class mail, to Defendant the above order, and that he was "hampered in providing this affidavit and in actually mailing the order because of an injury [he] suffered several days ago in a fall, and as a result of which [he] suffered severaly bruised ribs, left knee, and left elbow, and have since been taking narcotic medication. In addition, [his] secretary was hospitalized due to severe recurring anaphylaxis." Doc. No. 10.

On July 7, 2014, despite never allegedly having received proper notice of this lawsuit, defense counsel entered his appearance on behalf of State Farm.[1] On July 17, 2014, Defendant filed its Response in Opposition to Plaintiff's Motion to Reinstate this Case, with attached exhibits. Doc. No. 18. In it, Defendant contends that Plaintiff has failed to comply with the applicable Rules of Civil Procedure regarding proof of service. This Court agrees.

## II. Applicable Law/Discussion

The responsibility for serving the Complaint remains with Plaintiff, and Plaintiff maintains the burden of proof to establish validity of service. *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1988). The Court concludes that Plaintiff has

---

[1] On or about July 7, 2014, counsel for State Farm contacted this Court's law clerk with a procedural question on another unrelated case, and the Court's law clerk asked if counsel was planning upon entering his appearance on the within matter (again a procedural matter), which counsel did immediately thereafter. Defendant next filed a motion for extension to respond to the Motion to Reinstate Complaint, which the Court granted allowing Defendant until July 18, 2014. Plaintiff was permitted to file a Reply thereto by July 24, 2014 at noon. **As of this date, July 25, 2014, no reply has been filed by Plaintiff.**

failed in his responsibility to do so, and has not met his burden of proof to establish validity of service.

In order to serve a corporation, Fed.R. Civ. Pr. 4(h) requires that Plaintiff serve the corporation in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual, or by delivering a copy of the summons or complaint to an officer or agent of the corporation authorized to accept service. Also, a corporation may be served by following the law for service of a summons in the state where the district court is located (Pennsylvania) or where service is made (Illinois). Fed. R. Civ. Pr. 4(e)(1). Federal Courts within the Circuit have dictated, tracking Pennsylvania law, that where a plaintiff attempts service on a corporation via certified mail, an affidavit of service must be filed including a "return receipt." *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14 (3d Cir. 1985); *Zokaites Properties, LP v. La Mesa Racing, LLC*, 2012 Wl 3144127 , *14 (W.D. Pa. August 1, 2012). Moreover, Illinois law (where Defendant was allegedly served) also requires an affidavit of service including a return receipt. 735 ILCS 5/2-202. Here, there is nothing in the record that provides evidence of service of process. Not only did Plaintiff fail to file a return receipt, he never even filed an affidavit of service. Moreover, despite having given Plaintiff the opportunity to show good cause (including filing of a proof of service) before this lawsuit was dismissed, Plaintiff failed to ever formally respond to this Court's Show Cause Order.

As rehearsed, in Plaintiff's Motion to Reinstate the Complaint, counsel states that his lack of a secretary somehow justifies his failure to properly serve Defendant. A showing of good cause "requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *MCI*

*Telecomms. Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1097 (3d Cir. 1995). For purposes of Rule 4(m), "good cause" has been defined as tantamount to "excusable neglect," under Federal Rule of Civil Procedure 6(b)(1)(B), which requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *MCI Telecomms. Corp*., 71 F.3d at 1097.

Critically, inadvertence and lack of diligent counsel are insufficient to establish good cause for an extension of time to serve process. *Braxton v. United States*, 817 F.2d 238, 241 (3d Cir.1987). In determining good cause, Courts have considered such factors as: "(1) reasonableness of plaintiff's efforts to serve ; (2) prejudice to the defendant by lack of timely service; and, (3) whether plaintiff moved for an enlargement of time to serve." *MCI Telecomms. Corp.,* 71 F.3d at 1097. The "primary focus" of the good cause inquiry "is on the plaintiff's reasons for not complying with the time limit in the first place." *Boley v. Kaymark*, 123 F.3d 756, 758 (quoting *MCI Telecomms. Corp*., 71 F.3d at 1097).

Here, despite the Court's issuance of a Rule to Show Cause Order, wherein Plaintiff could have set forth his valid reason(s) for failing to make service, if any, Plaintiff never responded in writing to the Rule to Show Cause, nor has he ever, *to this date*, filed a proper proof of service and there has been no waiver of service filed by State Farm. Therefore, Plaintiff has utterly failed to show he made any reasonable effort to serve Defendant, and Plaintiff has failed to move for an enlargement of time to serve Defendant.[2]

[2] Defendant argues that it has been prejudiced by the failure to timely serve because if the Court were to grant the Motion to Reinstate, it would allow Plaintiff to circumvent the statute of limitations (of two years after payment was made on the bad faith claim), despite his failure to comply with the Rules of Civil Procedure. Keeping in mind that the "primary focus" is on Plaintiff's reasons for not complying with the time limits in the first instance, the Court sees no

## III. Conclusion

Because Plaintiff has failed to set forth any reasons setting forth good cause for his failure to comply with the Rules of Service, the Court sees no valid reason why, in light of all the above, it should reopen this matter to grant Plaintiff a discretionary extension of time to serve the Complaint (to the extent Plaintiff even requests such an extension). *Boley*, 123 F.2d at 758. After consideration of all three of the above factors (set forth in *MCI Telecomms Corp*., 71 F.3d at 1097), the Court will decline to exercise its discretion to Reinstate the Complaint, and therefore, the Court will deny Plaintiff' Motion to Reinstate the Complaint (doc. no. 8). An appropriate Order follows.

s/Arthur J. Schwab
United States District Judge

cc: All ECF-Registered counsel of record.

---

valid reason to reward Plaintiff's lack of diligence in this matter.